# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2014

Lyle W. Cayce
Clerk

DONALD BURTON,

Petitioner-Appellant

v.

LAWRENCE KELLY,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-69

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donald Burton, Mississippi prisoner # 29963, contests the denial of his 28 U.S.C. § 2254 habeas petition, in which he challenges his convictions for kidnaping, rape, and armed robbery. A certificate of appealability was granted on the issue "whether, under the deferential review standards applicable to a 28 U.S.C. § 2254 application, the district court erred in failing to hold that the state court's determination that the voice identification procedures did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cause an irreparable misidentification was an unreasonable application of *Neil v. Biggers*, 409 U.S. 188 (1972).  Included in this question is the review of any state court factual findings under the applicable deferential AEDPA standards."

On habeas review, the district court's conclusions of law are reviewed de novo; its findings of fact, only for clear error.  *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005).  As this claim was adjudicated in a state-court proceeding, it is evaluated under the "difficult to meet" and highly deferential standard contained in 28 U.S.C. § 2254(d),  *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011), which states: a federal court may not grant habeas relief on a claim that was adjudicated on the merits by a state court unless the state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court", or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d).  State-court findings are presumed correct and may be rebutted only by clear and convincing evidence.  § 2254(e)(1).

The Due Process Clause protects accused individuals from the use of evidence against them derived from unreliable identifications resulting from impermissibly suggestive procedures.  *Biggers*, 409 U.S. at 198-99.  The admissibility of identification evidence is governed by a two-step analysis.  *Herrera v. Collins*, 904 F.2d 944, 946 (5th Cir. 1990).  First, the court must determine whether the identification procedure was impermissibly suggestive.  *See id.*  If the court determines that the procedure was impermissibly suggestive, the court must next determine whether, under the totality of the circumstances, the procedure posed a "substantial likelihood of irreparable misidentification."  *Id.*  The Supreme Court has set out factors to be considered

in determining the likelihood of misidentification. *Biggers*, 409 U.S. at 199-200. These include the opportunity of the witness to view the criminal, the witness's degree of attention during the offense, the accuracy of the witness's prior description of the assailant, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation. *Id.*

The state court determined that, although the voice identification procedure was impermissibly suggestive, Burton was not entitled to relief because, under the totality of the circumstances, the pretrial identification procedure was reliable and did not give rise to a substantial likelihood of irreparable misidentification. *Burton v. State*, 970 So. 2d 229, 235-38 (Miss. Ct. App. 2007). The district court, properly relying on facts supported by the record, determined that the Mississippi court's decision was neither contrary to nor an unreasonable application of *Biggers*.

The victim spent a considerable amount of time, approximately 45 minutes, with the assailant. *See Biggers*, 409 U.S. at 200. During this entire time, the victim was able to hear the assailant's voice. The victim paid close attention to her assailant's voice during the incident; the victim testified that she was afraid her assailant was going to kill her and that the assailant gave her verbal orders, such as to take her pants off, and, if she refused a command or acted in a way the assailant did not like, such as attempt to look at him, the assailant threatened her with a gun. The victim demonstrated a high level of certainty regarding her identification. *See id.* She testified that, as soon as she heard Burton speak, she knew Burton was her assailant. *See id.*

In view of the *Biggers* factors, based on the totality of the circumstances, the district court correctly applied § 2254(d) and (e) to the state court's determination that the voice identification procedure was reliable and, thus,

3

did not give rise to a substantial likelihood of irreparable misidentification. Burton has failed to show that the state appellate court's ruling on the voice identification issue "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87. Accordingly, the district court properly concluded that the state court decision was not contrary to, or an unreasonable application of, clearly established federal law.

AFFIRMED.